(Pleito No. 51.—Fallado el 10 de Mayo de 1900.)

## Ribas contra Voigt.

Recurso contra sentencia dictada por el Tribunal de Distrito de Ponce.

GRAVÁMENES NO INSCRITOS; FRAUDE. Cuando se ha embargado un crédito hipotecario y no se anota en el Registro de la Propiedad dicho embargo, y subsiguientemente se hace cesión de aquel mismo crédito á un tercero que actúa por mediación de un apoderado, el cual tiene conocimiento del embargo, y se hace anotación de la cesión, el conocimiento del apoderado ha de imputarse al poderdante y el gravamen ocasionado por el embargo permanece en pie.

### SENTENCIA.

En San Juan de Puerto Rico, á diez de Mayo de mil novecientos, en el juicio ejecutivo iniciado ante el Juzgado de 1ª Instancia de Ponce y continuado ante el Tribunal de Distristo de aquella Ciudad entre partes, de la una como ejecutante Doña Clementina Albina Voigt y Decastro, viuda, propietaria, mayor de edad y vecina de Florencia (Italia,) y de la otra como ejecutado Don Julio Ribas y Aromí, viudo, propietario, mayor de edad y vecino de Ponce, que ante Nos pende en recurso de casación por infracción de ley interpuesto por el ejecutado á quien ha representado ante este Tribunal Supremo el Letrado Don Herminio Díaz Navarro, contra sentencia del referido Tribunal de Distrito de siete de Noviembre de mil ochocientos noventa y nueve que, desestimando las excepciones de falsedad del título y pago, mandó seguir la ejecución adelante; sin que haya comparecido en

este recurso la ejecutante.—Resultando : Que en siete de
Marzo de mil ochocientos noventa y tres en escritura otorgada
ante el Notario de Ponce Don Joaquín Mayoral, confesó Don
Julio Ribas hallarse adeudando á Don Pedro S. Battistini y
Pierluisi la suma de ocho mil pesos, la que se comprometió
á pagar el veinte y ocho de Febrero de mil novecientos uno
así como á abonarle á Battistini el interés del diez por ciento
el día veinte y ocho de Febrero de cada año empezando el
primer pago en mil ochocientos noventa y cuatro y garanti-
zando Ribas el pago con la hipoteca de una finca de su pro-
piedad.—Resultando :  Que instruída en el Juzgado de Ins-
trucción de Ponce causa criminal contra Don Pedro S. Bat-
tistini por injurias á Don Ramón Torres Alvarado, se llevó á
efecto en veinte y uno de Marzo de mil ochocientos noventa
y siete el embargo de diez mil cuatrocientos siete pesetas del
crédito relacionado en el resultando anterior, ofreciendo Bat-
tistini en el acto de la diligencia no disponer en manera
alguna de la suma embargada (folio 99).—Resultando:  Que
vencidos en veinte y ocho de Febrero de mil ochocientos
noventa y ocho los intereses de los ocho mil pesos citados, al
diez por ciento, importantes ochocientos pesos, los consignó
Don Julio Ribas en el Juzgado de Instrucción de Ponce en
cumplimiento de providencia de esta fecha dos de Marzo
siguiente y fueron depositados en la Tesorería de la Admi-
nistración de Rentas y Aduana de Ponce, según carta de
pago correspondiente al cargareme número 5 expedida en
diez del mismo mes de Marzo.—Resultando :  Que el día 4
de Marzo del propio año mil ochocientos noventa y ocho y
ante el Notario de Juana Díaz Don Antonio de Aldrey otor-
gó Don Pedro S. Battistini una escritura por la que cedió á
favor de Don Arturo Salas y Simonpietri, por la suma de
mil pesos que confesó haber recibido con anterioridad, el
crédito hipotecario que á su favor constituyó Don Julio Ribas
Aromí por la escritura de siete de Marzo de mil ochocientos
noventa y tres y la anualidad de ochocientos pesos vencida
en veinte y ocho de Febrero anterior así como los intereses

de los vencimientos posteriores; manifestando Battistini que dicho crédito no lo tenía cobrado y que respondía por lo tanto de la certeza del mismo.—Resultando : Que en catorce de Julio de mil ochocientos noventa y ocho comparecieron ante Don Rosendo Matienzo Cintrón, Notario de Ponce, los ya citados Don Arturo Salas Simonpietri y Don Pedro S. Battistini y Pierluisi y, presentando éste un testimonio del poder que á su favor otorgara en la Ciudad de Ponce en quince de Mayo de mil ochocientos noventa y uno Doña Clementina Albina Voigt de Castro, otorgaron, bajo el número 415 del protocolo, una escritura por la que el Battistini aceptó á nombre de Doña Clementina Albina Voigt de Castro en pago de la suma de mil pesos que Salas confesó deber á Doña Clementina la adjudicación en pago del crédito hipotecario y sus intereses vencidos y por vencer que por la escritura de cuatro de Marzo anterior había cedido Battistini al referido Salas; llevando el testimonio presentado la fecha veinte de Julio del año citado de mil ochocientos noventa y ocho.—Resultando :— Que en la misma fecha de la escritura á que se refiere el resultando anterior, ó sea el catorce de Julio de mil ochocientos noventa y ocho, y bajo el número 417 otorgó Don Pedro S. Battistini y Pierluisi una escritura de sustitución del poder que en quince de Mayo de mil ochocientos noventa y uno le había otorgado Doña Clementina Albina Voigt de Castro en favor de varios señores entre ellos Don Luis Gautier, con una copia del cual poder, extendida el veinte y tres del mismo mes de Julio, compareció el Procurador Don Luis Gautier á nombre de la Doña Clementina á promover el juicio motivo de este recurso.—Resultando: Que vencido en veinte y ocho de Febrero de mil ochocientos noventa y nueve un nuevo plazo de intereses, ascendentes á ochocientos pesos, hizo depósito de él el deudor Don Julio Ribas en la caja de la sociedad "Crédito y Ahorro Ponceño."—Resultando: Que librado un mandamiento por el Juzgado de Instrucción de Ponce para la anotación del embargo hecho

á Battistini fué suspendida la anotación en tres de Diciembre de mil ochocientos noventa y siete por defectos subsanables, y subsanados ya, se presentó en el Registro de la Propiedad nuevo mandamiento en catorce de Marzo de mil ochocientos noventa y ocho, cuya anotación fué también denegada porque, habiendo transcurrido el término por que fué hecha la anotación de suspensión del anterior mandamiento, había sido cancelada y presentada en el Registro el siete de Marzo de mil ochocientos noventa y ocho la escritura de cuatro del mismo por la que Battistini cedió á Salas el crédito de que se trata.—Resultando: Que con los testimonios á que se refieren los resultandos 5? y 6? que proceden, acudió al Juzgado de 1ª Instancia de Ponce el Procurador Don Luis Gautier á nombre de · Doña Clementina Albina Voigt y Decastro demandando en juicio ejecutivo á Don Julio Ribas Aromí para que le pagase la cantidad de mil seiscientos pesos procedentes de los dos años de intereses vencidos en mil ochocientos noventa y ocho y mil ochocientos noventa y nueve y despachada la ejecución, se opuso á ella el ejecutado Ribas fundándose en la falsedad del título ejecutivo y en el pago de la cantidad reclamada; y abierto el juicio á prueba se adujo por la parte ejecutante certificación del Registro de la Propiedad de Ponce en la que consta que el crédito de ocho mil pesos de Battistini contra Ribas no aparecía gravada en tres de Julio de mil ochocientos noventa y nueve con carga ni gravamen alguno, no existiendo tampoco en aquella fecha documento alguno presentado en el Registro referente á dicho crédito pendiente de inscripción; y por la parte ejecutada, entre otras pruebas, se trajo testimonio de la carta de pago del depósito de ochocientos pesos hecho en la Tesorería de la Administración de Hacienda y Aduana de Ponce por el Juzgado de Ponce á nombre de Don Julio Ribas por los intereses correspondientes á veinte y ocho de Febrero de mil ochocientos noventa y ocho y certificación del Director del "Crédito y Ahorro Ponceño" expresiva del depósito por Don Julio Rivas.—Resultando: Que establecida en esta

Isla por las Órdenes Generales números 114 y 118 del año mil ochocientos noventa y nueve una nueva organización de Tribunales pasó este asunto á conocimiento del Tribunal de Distrito de Ponce, el que previa vista pública, dictó sentencia en siete de Noviembre de mil ochocientos noventa y nueve declarando sin lugar la oposición formulada por el ejecutado y mandando seguir la ejecución adelante hasta hacer pago á doña Clementiva Albina Voigt y Decastro de los mil seiscientos pesos reclamados con los intereses, é imponiendo las costas al ejecutado, á quien le quede á salvo su derecho para promover el declarativo correspondiente.— Resultando: Que contra dicha sentencia de siete de Noviembre último ha establecido el ejecutado recurso de casación por infracción de ley autorizado por los incisos 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, fundándolo en los motivos siguientes:—1º En que al no "apreciar la Sala sentenciadora en conjunto todas las pruebas" y al no estimar las circunstancias que han concurrido para estimarse que Battistini cedió una cosa que no le pertenecía, se ha procedido con error de derecho infringiendo aquel principio sentado como doctrina por el Tribunal Supremo de España en sus sentencias de treinta y uno de Diciembre de mil ochocientos ochenta y tres, veinte y cinco de Febrero de mil ochocientos ochenta y cuatro, veinte y ocho de Octubre de mil ochocientos ochenta y cinco, veinte y siete de Enero de mil ochocientos ochenta y ocho, seis de Febrero de mil ochocientos ochenta y nueve y veinte y ocho de Diciembre de mil ochocientos noventa y uno, é infringiendo también el artículo 1,218 del Código Civil que determina el valor probatorio de los documentos públicos.—2º Que al proceder la Sala como ha procedido ha infringido también la doctrina sentada en las sentencias del mismo Tribunal de ocho de Marzo de mil ochocientos noventa y nueve, veinte y seis de Mayo de mil ochocientos sesenta y seis y veinte y uno de Febrero de mil ochocientos ochenta y tres, ó sea que cuando apreciando racionalmente los hechos controvertidos en un

litis se deduce la simulación de un contrato en perjuicio de tercero debe rechazarse todo lo que conduzca á que prevalezca el fraude.—3º Que alegada la falsedad del título en que se fundaba la ejecución lejos de dejar que ésta prosperase, ó debió declararse de plano que no había lugar á pronunciar sentencia de remate, ó disponer la formación de causa criminal, suspendiendo el fallo del ejecutivo hasta que fuese ejecutorio el que se dictase en la causa, y al no hacerlo así infringió la Sala el inciso 1º del artículo 1,462 y el 2º del 1,471 de la Ley de Enjuiciamiento Civil.—4º Que alegado que se había consignado por orden del Juez competente la suma reclamada, no ha debido mandarse seguir la ejecución adelante sin infringir como se han infringido los artículos 1,462, inciso 2º y 1,471 inciso 2º de la Ley de Enjuiciamiento Civil; 1,157, 1,162 y 1,165 del Código Civil y las Ordenes del Cuartel General de diez y nueve y treinta de Enero de mil ochocientos noventa y nueve, sin que valga el afirmar que no habiéndose tomado nota del abono de los intereses en el Registro de la Propiedad, no puede perjudicar á la ejecutante que es tercera con relación á los señores Ribas y Battistini, de conformidad con el artículo 144 de la Ley Hipotecaria, pues ese artículo lo mismo que los artículos 34, 36, 37 y 43, presupone siempre ·en el tercero que alega tal carácter la buena fe.—Siendo Ponente el Juez Asociado Don Rafael Nieto Abeillé.—Considerando: Que aun cuando la Ley Hipotecaria es una Ley de crédito que sólo atiende en sus prescripciones al interés de la propiedad territorial, no es posible presumirla despojada de las demás cualidades que las leyes deben poseer, una de las cuales es que sea justa y no lo sería si consintiera que sólo por haberse cumplido estrictamente sus preceptos, dejando de cumplir los que los más elementos de honradez imponen, se convirtiesen en hechos legítimos los que una conciencia honrada reprueba como inmorales.—Considerando: Que basándose la cualidad de tercero según los preceptos de la Ley Hipotecaria en la circunstancia de no haber intervenido

en el acto ó contrato inscrito, y por tanto en el desconoci-
miento en que se halle el individuo á quien corresponda esa
calificación de los hechos que aparezcan en el Registro; y
no siendo humanamente posible separar la personalidad de
Don Pedro S. Battistini, como tal Battistini, de la de Battis-
tini como apoderado de la Doña Clementina Albina Voigt
de Castro, no puede alegarse que Battistini apoderado de la
señora Voigt ignorara lo que Battistini como interesado en
los actos y contratos anteriormente realizados sabía respecto
al crédito cedido; y no es, por tanto, de estimar en Battistini,
apoderado de la señora Voigt el carácter de tercero con arre-
glo á dicha Ley.—Considerando: Que existiendo desde las
primeras actuaciones del juicio la evidencia, documental-
mente obtenida, de que en él se trataba de realizar, al
amparo de los artículos de la Ley Hipotecaria rígida y lite-
ralmente aplicados un acto que racionalmente debía esti-
marse como contrario á la justicia; el Tribunal sentenciador,
al no estimarlo así, infringió los artículos de la Ley y doc-
trina legal consignados en los fundamentos 1º, 2º y 3º del
recurso.—Considerando: Que probada como estaba la con-
signación de las sumas adeudadas por intereses, consig-
nación no discutida por la parte ejecutante más que en lo
relativo á si liberaba ó no al deudor, ha debido, consecuen-
temente con la doctrina sustentada en las consideraciones
precedentes, estimarse la excepción de pago, y al no hacerlo
el Tribunal, ha incurrido en el error consignado en el 4º mo-
tivo del recurso—Considerando: Que no habiendo compa-
recido ante este Tribunal la parte recurrida no es pertinente
hacer especial condena de costas.—Fallamos: Que debemos
declarar y declaramos haber lugar al recurso de casación por
infracción de ley interpuesto por la representación de Don
Julio Ribas y Aromí contra la sentencia del Tribunal de
Distrito de Ponce de siete de Noviembre de mil ochocientos
noventa y nueve, la cual casamos y anulamos; y con certifi-
cación de ésta y de la que á continuación se dicta, devuél-
vanse los autos al Tribunal sentenciador para su cumpli-

miento; haciéndose en la *Gaceta Oficial* la publicación que dispone la regla 86 de la Orden General número 118 de mil ochocientos noventa y nueve,—Así por esta nuestra sentencia lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Rafael A. Nieto Abeillé.—Juan Morera Martínez.

Publicación.—Leída y publicada fué la anterior sentencia por el Señor Juez Asociado del Tribunal Supremo Don Rafael A. Nieto Abeillé, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á diez de Mayo de mil novecientos.—E. de J. López Gaztambide.